**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **EDUARDO LINARES,** | No. 11-55814 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02128-DDP-JEM |
| v. | |
| **J. TIM OCHOA, Warden,** | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted January 5, 2015
Pasadena, California

Before:    **KOZINSKI**, **W. FLETCHER** and **OWENS**, Circuit Judges.

**1.**  The jury heard evidence that Linares drove Ricardo to the site of the drug deal for $400, with the knowledge that Ricardo was carrying a gun and planned on purchasing $28,000 worth of cocaine.  The jury also heard that Linares had participated in drug deals before and understood that his history as an informant

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

could heighten the dangers involved. Viewing the evidence in the light most favorable to the prosecution, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), the California Court of Appeal reasonably found that there was sufficient evidence for a jury to convict Linares of second degree implied malice murder.

2. Under California law, a trial court must "on its own initiative [] identify and describe for the jury any target offense allegedly aided and abetted by the defendant" when "the prosecution relies on the 'natural and probable consequences' doctrine to hold a defendant liable as an aider and abettor." People v. Prettyman, 926 P.2d 1013, 1025 (Cal. 1996). Linares argues that his due process rights were violated by the state trial court's failure to give such an instruction. However, the district court did not err in rejecting this claim because the jury was properly instructed as to the elements of second degree implied malice murder, and there is sufficient evidence to support a conviction under the theory that Linares was a direct perpetrator. Thus, it was reasonable for the California Court of Appeal to conclude that the trial court's failure to instruct the jury under an alternative theory was harmless.

3. Linares contends that his due process rights were also violated when the trial court initially gave the wrong jury instruction on malice. The California Court

of Appeal reasonably concluded that this error was harmless because the trial court provided the correct instruction, CALJIC No. 8.11, while the jury was still deliberating Linares's guilt of second degree murder. Moreover, the jury had been instructed at the outset on the elements of second degree murder with CALJIC No. 8.31, which included a definition of malice that paralleled the definition in CALJIC No. 8.11. The district court therefore did not err in rejecting this claim.

**4.** The district court properly rejected Linares's argument that the combined effect of the alleged errors in this case necessitates reversal. The California Court of Appeal reasonably concluded that these alleged errors—none of which were prejudicial—did not collectively render Linares's trial fundamentally unfair. See Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007).

**AFFIRMED.**